

# Notice of Service of Process

null / ALL
**Transmittal Number: 26360950**
Date Processed: 02/09/2023

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property & Casualty Ins dba Nationwide dba Nationwide Insurance |
| **Title of Action:** | Millard Gutter Company, d/b/a Millard Roofing and Gutter vs. Depositors Insurance Company, and Nationwide Property and Casualty Insurance Company, a/k/a Nationwide Insurance a/k/a Nationwide |
| **Matter Name/ID:** | Millard Gutter Company, d/b/a Millard Roofing and Gutter vs. Depositors Insurance Company, and Nationwide Property and Casualty Insurance Company, a/k/a Nationwide Insurance a/k/a Nationwide (13618316) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Douglas County District Court, NE |
| **Case/Reference No:** | CI 22 7662 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 02/09/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Boecker Law, P.C., L.L.O.<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| Image ID:<br>D00840323D01 | **SUMMONS** | Doc. No.   840323 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha            NE 68183

Millard Gutter Company v. Depositors Insurance Company

Case ID: CI 22   7662

TO:  Nationwide Property & Casualty Insu
DBA: Nationwide                                    DBA: Nationwide Insurance

You have been sued by the following plaintiff(s):

   Millard Gutter Company

Plaintiff's Attorney:      Theodore R Boecker Jr
Address:                   1045 MN 115th St., Ste 125
                           Omaha, NE 68154

Telephone:                 (402) 933-9500

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date: FEBRUARY 6, 2023     BY THE COURT: *[signature]*
                                             Clerk

Page 1 of 2

| Image ID: | | |
|---|---|---|
| D00840323D01 | **SUMMONS** | Doc. No.   840323 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Nationwide Property & Casualty Insu
    c/o CSC Lawyers Inc. Service CO.
    233 S. 13th Street, Ste 1900
    Lincoln, NE 68508

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

|  | **REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT** |  |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha    NE 68183

Case ID: D 1 CI 22    7662

Millard Gutter Company v. Depositors Insurance Company

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____

Signature _____    Date _____

Name _____    Street Address/P.O. Box _____

Phone _____    City/State/ZIP Code _____

Filed in Douglas District Court
\*\*\* EFILED \*\*\*
Case Number: D01CI220007662
Transaction ID: 0018954161
Filing Date: 10/03/2022 11:52:51 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, | ) ) ) ) | CASE NO: CI |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| DEPOSITORS INSURANCE COMPANY, and NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a NATIONWIDE INSURANCE a/k/a NATIONWIDE, and | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW the Plaintiff and for its Complaint against the Defendant to state and allege as follows:

1. Plaintiff Millard Roofing and Gutter (herein sometimes "Millard Roofing") is a contractor doing business in the state of Nebraska with its principal place of business in Omaha, Douglas County, Nebraska.

2. At times relevant, Shadow Ridge Management, Inc. d/b/a Shadow Ridge County Club and Shadow Ridge Limited Partnership SKS (herein collectively "Shadow Ridge) were insured under one or more policies issued by Depositors Insurance Company, which is an affiliate or subsidiary of Nationwide Insurance a/k/a Nationwide or Nationwide Property and Casualty Insurance.

3. In 2016, Shadow Ridge reported to its insurer that it believed it has suffered damage arising from a storm.

1

4. Depositors Insurance Company is an insurance company that has conducted business in the state of Nebraska at times relevant and which issued a policy of insurance to Shadow Ridge insuring the subject property using the name Depositors Insurance Company.

5. Defendant Nationwide is an insurance company doing business in Omaha, Douglas County, Nebraska, and elsewhere. Upon information and belief, Nationwide operates under various names and/or does business through names or affiliates including Nationwide Property and Casualty Insurance Company, but generally markets itself to insureds as Nationwide (hereinafter "Nationwide").

6. Upon information and belief, Depositors Insurance Company is a Nationwide Insurance company or a member of the Nationwide affiliates. At all times relevant, in responding to the loss and adjusting the claim, the representatives of the insurer used the name Nationwide or Nationwide Insurance relative to the evaluation and adjustment of the claim and held themselves out as "Nationwide" adjusters or employees. Depositors and Nationwide are sometimes collectively referred to herein as "Nationwide", except as otherwise noted.

7. As a direct and proximate result of storm damage, the Shadow Ridge's property suffered material damage, including but not necessarily limited to, damage to the roof, gutters, windows, doors, HVAC system, and electrical system, and other building components.

8. The policy of insurance issued to Shadow Ridge covered the storm damage and the cost of any necessary repairs and replacements arising as a consequence of the storm.

9. Shadow Ridge paid its premiums and all amounts necessary to secure coverage and complied with all of its contractual obligations and conditions precedent.

10. Nationwide acknowledged that the Shadow Ridge property suffered damage as a consequence of a covered loss.

11. Nationwide engaged in a length and never-ending evaluation process, changing its estimate of repairs of multiple times, including through at least March 2018.

12. Shadow Ridge engaged Millard Roofing to perform repair services for covered storm damage in consideration for payment of their deductible, as well as any extras or upgrades they may request be performed, and an assignment of the right to proceeds and claim under any and all applicable insurance policies including, but not necessarily limited to policies of insurance issued by Nationwide applicable to the property.

13. Millard Roofing completed necessary repairs in a good and workmanlike manner and preparing billings consistent with industry recognized standards for fair and reasonable billings for its services.

14. Although Nationwide has acknowledged the responsibility for payment of the claim, it has failed and refused to acknowledge the fair and reasonable charges for repair and all scopes of damage created by the storm and has failed and refused to pay either Millard Gutter or Shadow Ridge the total charges for Millard's repair services.

15. Throughout the claim adjustment process, Nationwide and its representatives have acted in an arbitrary and capricious manner; they have failed to timely acknowledge communication from the contractor and the insured; they have unreasonably failed to review and approve requested scopes of work to address storm damaged items that otherwise should be covered under the policy; and, they have taken positions which cannot be factually supported in good faith.

16. Further, in response to efforts to reconcile differences and to supply information justifying their claim and request for approval, Nationwide has willfully ignored information supplied to it and failed and refused to provide meaningful responses or information which would otherwise dictate approval of the claim or at least portions thereof.

17. Based upon generally accepted pricing standards utilized within the community for similar work, the fair and reasonable charges for necessary repairs and replacements amounts which Nationwide has failed to pay amount to not less than $380,000.00.

18. Although Shadow Ridge and Plaintiff have submitted invoices for completed work, Nationwide has not made payment in full of such amount, despite submitting estimates approving such charges.

19. Millard Gutter has completed its work and both of Plaintiff and Shadow Ridge have made demand for payment of the outstanding amounts owed.

20. Nevertheless, Nationwide has failed and refused to make payment in full of all sums due and owing on account of the damage suffered by the Shadow Ridge property.

21. Nationwide has breached and repudiated its contractual obligations, including the obligation to remit payment of the fair and reasonable costs to effectuate repairs of a covered loss. As a consequence of its default and breach, its refusal to pay and acknowledge scopes of loss, Plaintiff has suffered damages.

22. As the assignee to the claim and right to proceeds, Millard Roofing has suffered damages in the form of a loss of revenue and the proceeds it is otherwise entitled to receive from Nationwide. Shadow Ridge Enterprises has suffered interference with its continued business operations by virtue of the continued delay in obtaining approval of the repairs and payment that it was entitled to have paid under its policy of insurance.

23. Plaintiff and Shadow Ridge have cooperated with Nationwide during the claim adjustment process, including providing third party data to verify the items of damage, as well as the fair and reasonable costs. The parties have been willing to attend multiple onsite meetings with

Nationwide, even though the demands for continued meetings and withholding of approval of requested repairs lacks any good faith basis.

24. Nationwide is unreasonably withholding money that it is obligated to disburse, and as a consequence prejudgment interest should accrue on any sum found due and owing at the rate of twelve percent (12%) per annum, pursuant to Neb.Rev.Stat. §45-104.

25. As this case involves a breach of an insurance policy, Defendants should be found liable for any attorney fees and expenses incurred by the Plaintiff including, but not limited to, pursuant to Neb.Rev.Stat. §44-359.

26. Plaintiff should be awarded its general and special damages arising out of Nationwide's breach of contract, as well as its breach of duty in good faith and fair dealing.

27. Nationwide should be found responsible for any failure to pay or breach by Depositors Insurance, as Nationwide exercised dominion and control over Depositors and the adjustment of the loss claim originally submitted to Depositors by Shadow Ridge.

WHEREFORE, Plaintiff prays for a judgment against Defendants for all of its general and special damages, in a total amount to be determined at trial, together with prejudgment interest to the extent allowed by law, an award of costs, an award of attorney fees to the extent allowed by law, and any such other further relief as may be necessary or appropriate under the premises.

MILLARD GUTTER COMPANY, a
Corporation d/b/a MILLARD ROOFING
AND GUTTER, Plaintiff

By:   /s/ Theodore R. Boecker, Jr.
      _____
      Theodore R. Boecker, Jr., NE #20346
      BOECKER LAW, P.C., L.L.O.
      11225 Davenport Street, Suite 100
      Omaha, Nebraska 68154
      Tele: (402) 933-9500
      Fax: (402) 933-7983
      Email: boeckerlaw@msn.com
      ATTORNEY FOR PLAINTIFF

6

BOECKER LAW PC LLO
1045 N. 115th STREET
SUITE 125
OMAHA NEBRASKA 68154



7022 3330 0000 5445 2503

RDC 23





68508

U.S. POSTAGE PAID
FCM LETTER
OMAHA, NE
68154
FEB 07, 23
AMOUNT
**$8.37**
R2304W120613-13

Nationwide Property and Casualty Insurance Company
c/o CSC Lawyers Incorporating Service Co.
233 S 13th Street, Suite 1900
Lincoln, NE 68508

68508$2000 C012